IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>v.<br><br>PATRICK AUSTIN,<br><br>        Defendant. | **ORDER AND MEMORANDUM DECISION DENYING MOTION IN LIMINE TO EXCLUDE 404(b) EVIDENCE (ECF NO. 86) AND GRANTING MOTION IN LIMINE TO EXLUDE EVIDENCE OF PRIOR DRUG CONVICTION (ECF NO. 87)**<br><br>Case No. 2:19-cr-00490<br>District Judge Tena Campbell<br>Magistrate Judge Brooke C. Wells |

      Defendant Patrick Austin is charged with one count of Involuntary Manslaughter while within Indian Country, in violation of 18 U.S.C. §§ 1112(a) and 1153(a). Superseding Indictment, ECF No. 55. Currently before the court are the government's two notices about evidence it plans to present at trial and Mr. Austin's two responses. The first notice is the United States' Notice of Intent to introduce Rule 404(b) evidence. ECF No. 75. The second is its Notice of Intent to cross-examine Mr. Austin about his prior drug and money laundering conviction. ECF No. 81. Mr. Austin filed two responsive motions in limine: the first to exclude the Rule 404(b) evidence, ECF No. 86, and the second to exclude his prior conviction, ECF No. 87. The court heard from both sides at the Motion Hearing on October 24, 2022, and it has fully considered the parties' filings. For reasons discussed below and at the hearing, Mr. Austin's motion in limine to exclude the Rule 404(b) evidence, ECF No. 86, is denied. His motion in limine to exclude his prior drug and money laundering conviction, ECF No. 87, is granted.

**I.     Mr. Austin's Motion in Limine to Exclude 404(b) Propensity Evidence is Denied.**

      The United States seeks to introduce evidence of Mr. Austin's prior driving history, arguing it is admissible for the non-character purposes of proving intent, lack of mistake and lack

1

of accident under Fed. R. Evid. 404(b). ECF No. 75 at 1. Specifically, it seeks to introduce four traffic violations that occurred within the 70 days leading up to August 27, 2019, which is the date when, the United States alleges, Mr. Austin was driving roughly 20 miles per hour over the speed limit on highway 40 and hit the victim's car, killing her. See ECF No. 75 at 1–4. The four extrinsic incidents, as described by the parties in their papers on the Rule 404(b) issue, are:

1. June 18, 2019: While Mr. Austin was driving his truck on State Route 40, his vehicle crossed onto the center turning lane, collided with an oncoming vehicle, left the highway, and hit a fence. Law enforcement checked him for signs of impairment and noted none. He was cited for unsafe lane travel and no proof of insurance. He admitted guilt to the unsafe lane travel citation in Uintah County Justice Court on July 17, 2019.

2. July 15, 2019: While Mr. Austin was driving the same Toyota Tundra he drove during the charged conduct, he was pulled over for going 62 mph in a 50 mph zone. He was cited for going 55 mph and failure to maintain registration. He admitted guilt on July 17, 2019.

3. July 17, 2019: While Mr. Austin was driving a Buick SUV, his vehicle left the road and hit a water control valve in a Walmart parking lot. Witnesses said he went the wrong way in their lane and swerved off the road; he said he missed the store's entry but was in the turn lane, the other vehicle came at him, and he swerved. Law enforcement checked him for signs of impairment and found none. He was cited for failure to maintain his lane of travel.

4. July 17, 2019: While Mr. Austin was driving a Buick SUV, he, according to a witness, failed to stop at a stop sign (which he denies), traveled at high speed and was hit by a driver lawfully going through the sign. Law enforcement checked him for signs of impairment and found none. He was cited for a right of way violation (failure to stop at a stop sign/failure to yield right of way) and admitted it on August 15, 2019.

Mr. Austin moves to exclude these incidents under Fed. R. Evid. 404(b) and 403. ECF No. 86. He says the United States is introducing them to show propensity, "in the hopes that the jury will believe [he] is a reckless driver, therefore he drove recklessly on August 27, 2019." Id. at 2.

"Rule 404(b)(1) provides that '[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.'" United States v. Armajo, 38 F.4th 80, 84 (10th Cir. 2022). "But Rule 404(b)(2) provides that such evidence 'may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.' This list of permissible purposes is illustrative, not exhaustive." Id. Further, Rule 404(b) is inclusive, it "admits all other-act evidence except that tending to prove only propensity." Id. (citing United States v. Tan, 254 F.3d 1204, 1208 (10th Cir. 2001)).

> [Courts] consider a four-part test when determining whether evidence is admissible under Rule 404(b): "(1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted."

United States v. Smalls, 752 F.3d 1227, 1237 (10th Cir. 2014) (quoting United States v. Davis, 636 F.3d 1281, 1297 (10th Cir. 2011)). The four extrinsic driving incidents pass this test.

   a. <u>The 404(b) Evidence is Offered for a Proper Purpose.</u>

"Evidence is offered for a proper purpose if it is utilized for any of the 'other purposes' enumerated in Rule 404(b)." United States v. Henthorn, 864 F.3d 1241, 1248 (10th Cir. 2017) (quoting Davis, 636 F.3d at 1298). "Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."

Huddleston v. United States, 485 U.S. 681, 685 (1988). "Other act evidence offered to prove intent [is] offered for a proper purpose under Rule 404(b) where the intent of a defendant charged with a general intent crime [is] disputed." See Tan, 254 F.3d at 1209 n.4 (citing United States v. Youts, 229 F.3d 1312, 1319 (10th Cir. 2000)); United States v. Tennison, 13 F.4th 1049, 1057 (10th Cir. 2021) (affirming that defendant's extrinsic arrest for meth distribution, offered to prove his intent in new meth distribution case, was offered for "a proper purpose"). But it is error to admit evidence of prior bad acts to prove intent where a defendant is charged with a general intent crime and intent is not genuinely contested. See Youts, 229 F.3d at 1319 (10th Cir. 2000) (describing United States v. Soundingsides, 820 F.2d 1232, 1237 (10th Cir. 1987)). Mr. Austin is charged with a general intent crime: involuntary manslaughter while within Indian country. See United States v. Cherry, 217 F.3d 811, 818 n.2 (10th Cir. 2000); United States v. Riego, No. CR 21-596, 2022 WL 3154230, at *2 (D.N.M. Aug. 8, 2022) ("involuntary manslaughter is a general intent crime.").[1] This crime requires a showing of gross negligence. See United States v. Visinaiz, 428 F.3d 1300, 1310 (10th Cir. 2005). Whether he possessed this required mental state is genuinely contested. See ECF No. 86 at 2. As a result, the extrinsic evidence is offered for a proper purpose: to prove the requisite intent.

---

[1] "[T]o prove th[e] offense [of Involuntary Manslaughter], the government need not prove that the defendant specifically intended to cause the death of the victim." Tenth Circuit Pattern Jury Instruction 2.54.1 (2021 ed.). But Rule 404(b)(2)'s "intent" exception to Rule 404(b)(1)'s prohibition on the use of propensity evidence to prove a person's character remains applicable in the involuntary manslaughter context, as the "government must prove gross negligence amounting to wanton and reckless disregard for human life." See id. (citing United States v. Wood, 207 F.3d 1222, 1228 (10th Cir. 2000)); United States v. Gladue, No. 06 CR 09, 2006 WL 2349972, at *2 (D.N.D. Aug. 7, 2006) (observing, in response to a defendant's argument that intent is not a required element of involuntary manslaughter and that Rule 404(b) evidence should as a result not be admitted to prove intent when defendant has been charged with this offense, that Rule 404(b) evidence can be relevant to prove "intent" in involuntary manslaughter case because government must show defendant acted with gross negligence).

4

Although Mr. Austin argues to the contrary, ECF No. 86 at 8, this case is not relevantly unlike <u>Tan</u>, where the Tenth Circuit "conclude[d] that prior drunk driving convictions offered to prove the malice component of a second degree murder charge resulting from an alcohol related vehicular homicide are offered for a proper purpose under Rule 404(b)," 254 F.3d at 1211. To be sure, the cases are not identical. The government had to establish malice in <u>Tan</u>, and it does not have to do so here. See <u>United States v. Brown</u>, 287 F.3d 965, 974–75 (10th Cir. 2002) (quoting <u>Wood</u>, 207 F.3d at 1229); <u>Visinaiz</u>, 428 F.3d at 1310 ("Second degree murder requires a showing of malice, whereas involuntary manslaughter requires a showing of gross negligence."). But in both, the extrinsic acts tend to establish the requisite intent for the charged offense. In <u>Tan</u>, the Tenth Circuit observed that

> A jury could infer from Defendant's prior drunk driving convictions that he is especially aware of the problems and risks associated with drunk driving. [The Tenth Circuit] agree[d] that "[o]ne who drives a vehicle while under the influence after having been convicted of that offense knows <u>better than most</u> that his conduct is not only illegal, but entails a substantial risk of harm to himself and others." From the number of convictions, the jury could infer that Defendant does not care about the risk he poses to himself and others since he continues to drink and drive. Such evidence is highly probative of malice. In any event, Defendant's prior convictions are not being offered solely for the impermissible purpose of proving that he has a propensity to drive drunk.

254 F.3d at 1210–11 (quoting <u>People v. Brogna</u>, 248 Cal. Rptr. 761, 766–67 (Cal. Ct. App. 1988)) (emphasis added by <u>Tan</u>). As in <u>Tan</u>, a jury could infer from Mr. Austin's prior conduct, the citations he received because of it, and his admissions to it in court, that he was especially aware of the problems and risks associated with his choices behind the wheel, as to both speeding and crashing. Mr. Austin drove at unlawfully high speeds, and he crashed his vehicle repeatedly, in the 70 days leading up to the fatal crash in this case, he was repeatedly cited for his behavior behind the wheel, and he admitted to most of the extrinsic incidents; he knows <u>better than most</u> that such conduct was illegal and entailed a substantial risk of harm to himself and

5

others.[2] From the number of crashes, citations, and admissions, a jury could infer Mr. Austin does not care about the risk he poses to himself and others since he continued to drive at high speed and he continued to crash his vehicle in the two months leading up to the fatal incident, where he allegedly, again, sped and crashed his vehicle. As the extrinsic driving conviction in Tan was highly probative of malice, id. at 1211, the extrinsic driving incidents here are highly probative of gross negligence. In any event, Mr. Austin's prior driving incidents are not being offered solely for the impermissible purpose of proving that he has the propensity to drive dangerously. The first factor, proper purpose, is satisfied.

b. The 404(b) Evidence is Relevant.

"Relevant evidence tends to make a necessary element of an offense more or less probable." Davis, 636 F.3d at 1298 (citing Fed. R. Evid. 401). "In the context of Rule 404(b) relevance, an extrinsic act's similarity to the charged offense is the lynchpin of the analysis." Tennison, 13 F.4th at 1056. "The similarity requirement does not mandate identicality." Id. at 1057. Courts "assess[] similarity through factors like temporal and geographical proximity and physical resemblance," id. at 1057; United States v. Mares, 441 F.3d 1152, 1157 (10th Cir. 2006), and a fact is similar to another "when the common characteristic is the significant one for the purpose of the inquiry at hand," Tennison, 13 F.4th at 1057 (quoting United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)). "[W]hen the extrinsic act is offered to show 'intent to commit the offense charged, the relevancy of the extrinsic offense derives from the

---

[2] The government asserts that "some of defendant's recent reckless driving incidents resulted in injury to third parties, [though] none of them involve a fatality." ECF No. 75 at 8. But the government's notice includes no further detail about who was injured, the nature of the injuries suffered, or when they occurred, and Mr. Austin does not provide additional context as to these injuries. As such, this information is of little help in assessing the admissibility of the Rule 404(b) evidence or in assessing what Mr. Austin might have been aware of from injuring another person with his driving-related choices.

defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses.'" Id. (quoting Beechum, 582 F.2d at 911). If a "district court finds that his state of mind is more likely [than not] to have been the same on both dates, the relevance requirement is satisfied." Id. However, this is not the end of the relevance analysis, rather, "Rule 404(b) excludes the evidence if its relevance to 'another [proper] purpose' is established only through the forbidden propensity inference." Henthorn, 864 F.3d at 1252 (quoting United States v. Rodella, 804 F.3d 1317, 1333 (10th Cir. 2015)).

The Rule 404(b) evidence is made up of four incidents that occurred soon before—within 70 days of—the fatal incident in this case. Three of them involved Mr. Austin driving in Utah, and crashing his vehicle into cars or stationary objects, or causing other cars to hit him. See ECF No. 75 at 2–4; ECF No. 86 at 3–4. The fourth, which occurred on July 15, 2019, involved Mr. Austin driving at unlawfully high speed in Utah, see ECF No. 86 at 3, but a witness also reported him driving at high speed during the July 17 incident involving a collision, ECF No. 75 at 3–4. These past acts were close in time and geography, and similar in terms of physical elements, to the fatal crash: across the past incidents and charged conduct, all of which occurred during the summer of 2019, Mr. Austin was driving a large vehicle (a truck or SUV) on Utah roads; there is no evidence he was intoxicated; he was driving in a way that was at high speed, or ended in a vehicular crash, or both; and his conduct violated (or in the case of his charged conduct, allegedly violated) motor vehicle laws. Based on these relevant similarities, it is more likely than not Mr. Austin had the same state of mind at the time of the extrinsic driving violations as he did during the crash on August 27, 2019.

Further, the extrinsic acts' relevance does not depend on Mr. Austin "'likely acting in conformity with an alleged character trait' or require the jury to draw a 'chain of inferences

7

dependent upon [a] conclusion' about [his] character." Henthorn, 864 F.3d at 1251 (quoting United States v. Commanche, 577 F.3d 1261, 1267, 1269 (10th Cir. 2009)).[3] Though, as in Henthorn, the extrinsic evidence at issue may allow the jury to draw negative inferences about his character—here, Mr. Austin's character as a reckless driver—such inferences are not required before a jury may find that the prior incidents are relevant for a proper purpose, i.e., that they bear on whether he was grossly negligent, or lack of accident. The permissible inference in this case "rests on a logic of improbability recognizing that a prior act involving similar circumstances decreases the likelihood that [Mr. Austin] lacked the [requisite] intent in committing the charged offense." Id. at 1254. The extrinsic evidence tends to show he had the requisite intent. The second factor, relevance, is satisfied.

   c. The Rule 403 Determination: The Probative Value of the 404(b) Evidence is Not Substantially Outweighed by its Potential for Unfair Prejudice.

"Even otherwise relevant evidence may be subject to exclusion under Rule 403, which provides that evidence may be excluded if its probative value is substantially outweighed by a danger that it will lead to unfair prejudice, confusion of the issues, or wasted time." Armajo, 38 F.4th at 85 (citing Tan, 254 F.3d at 1207–08). Here, Mr. Austin argues that the extrinsic evidence must be excluded because it would be unfairly prejudicial to admit it. ECF No. 86 at

---

[3] This distinguishes Mr. Austin's case from the hypothetical in Commanche. See 577 F.3d at 1266–67. The Tenth Circuit used the hypothetical—which, as here, centered around a death caused by a vehicle-driving defendant—as an example of where bad act evidence might bear on a permissible purpose, but not be admissible under Rule 404(b) because it would bear on that purpose only if a jury first concluded that the defendant likely acted in conformity with a particular character trait. In Mr. Austin's case, the circumstances at issue are not disparate in the way running someone over with a car is disparate from slapping someone, as in the hypothetical. See id. The circumstances at issue here—between Mr. Austin's prior high speed driving incidents and car crashes and the vehicular killing via high speed car crash—are sufficiently similar that they do not negate any possibility of directly using the prior instances for a permissible purpose as they did in the Commanche hypothetical.

10–11. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." Henthorn, 864 F.3d at 1256 (quoting United States v. MacKay, 715 F.3d 807, 840 (10th Cir. 2013)) (emphasis added in Henthorn). "[E]xclusion of evidence under Rule 403 'is an extraordinary remedy and should be used sparingly.'" United States v. McGlothin, 705 F.3d 1254, 1266 (10th Cir. 2013) (United States v. Diaz, 679 F.3d 1183, 1190 (10th Cir. 2012)).

      Mr. Austin relies on Bonilla v. Yamaha Motors to support his argument that admitting the extrinsic driving incidents would be unduly prejudicial. See ECF No. 86 at 10–11 (citing 955 F.2d 150 (1st Cir. 1992)). But Bonilla is inapposite. Bonilla is a product liability case where Mr. Bonilla alleged a design defect in the braking mechanism of his Yamaha motorcycle caused him to have an accident. 955 F.2d at 152. Yamaha refuted "that the accident was caused by brake failure, and undertook to show that [his] speeding was the sole reason for the crash." Id. At trial, the court admitted evidence of Mr. Bonilla's speeding offenses, which occurred four years before and two years after his accident. Id. The First Circuit held the district court erred by admitting them. Id. at 155. It observed that "[e]vidence of other acts may be admissible if presented for [a purpose other than to show bad character,] such as to show motive, intent, knowledge, identity, etc.[ But] Yamaha d[id] not suggest that Bonilla's speeding violations were probative of any of these elements." Id. at 154. Yamaha introduced them "in the hope that [Mr. Bonilla] would deny them, thus opening up [a] 'red herring' for impeachment" under Rule 608(b).[4] Id. at 155. As Bonilla's Rule 404(b) evidence did not prove any of Rule 404(b)(2)'s

---

[4] The United States gave notice of its intent to potentially cross-examine Mr. Austin under Rule 608(b) regarding his past conviction for methamphetamine distribution. See ECF No. 81.

9

elements, if it proved anything it was "that a person who has twice been caught speeding is likely to have been speeding at the time in question, a connection which legal policy and Rule 404(b) strictly forbid." Id. Mr. Austin argues the Rule 404(b) evidence in his case will be used similarly, to convince "the jury [to] believe [he] is a reckless driver, therefore he drove recklessly on August 27, 2019. These prior acts . . . are offered to show Austin is a dangerous driver: the precise propensity inference barred by [Rule] 404(b)." ECF No. 86 at 2. But the United States does not seek to use Mr. Austin's past driving incidents as impermissible Rule 608(b) "red herrings," rather, it suggests they are highly probative of intent, or mental state, lack of mistake and lack of accident. ECF No. 75 at 1, 5, 8. As the First Circuit noted, these are reasons to admit Rule 404(b) evidence; they were absent in Bonilla, but they are present here.

Nevertheless, the extrinsic evidence has the potential to affect the jury's attitude toward Mr. Austin being a reckless driver. See ECF No. 86 at 2, 10–11. Where "evidence ha[s] the potential to affect the jury's attitude toward [a defendant] on an issue unrelated to his guilt, and thus [is] undoubtedly prejudicial . . . this does not necessarily get the defendant over his evidentiary hurdle." United States v. Cerno, 529 F.3d 926, 935 (10th Cir. 2008).

> "Under Rule 403's balancing test, it is not enough that the risk of unfair prejudice be greater than the probative value of the evidence; the danger of that prejudice must substantially outweigh the evidence's probative value." In balancing, [courts] "give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value."

MacKay, 715 F.3d at 840 (10th Cir. 2013) (quoting Cerno, 529 F.3d at 935).

As to maximum reasonable probative force, the United States argues the Rule 404(b) evidence is "highly probative" as to intent, absence of mistake and lack of accident. ECF No. 75 at 8–9. For purposes of this balancing analysis, particularly about intent, the court agrees. As in Henthorn, and as noted above, the probity of the extrinsic acts rest on a logic of improbability,

10

which recognizes that prior incidents involving similar circumstances decrease the likelihood that the defendant lacked the requisite intent to commit the charged offense. See 864 F.3d at 1252, 1256, 1258 (finding "undoubtedly prejudicial" evidence of prior incidents "highly probative of lack of accident" and defendant's intent, and that district court did not abuse its discretion in admitting prior incidents). It is "a common sense observation that a string of improbable incidents . . . is unlikely to be the result of chance." Id. at 1252 n.8. Here, Mr. Austin's four extrinsic driving incidents in the 70 days leading up to the charged offense constitute the string of improbable, yet similar incidents that decrease the likelihood that he lacked the requisite intent to commit the charged offense. In this way, they are highly probative of intent, as well as absence of mistake and lack of accident. Additionally, "[t]he probity of Rule 404(b) evidence is not absolute; it depends on the extent of the overall evidence the government offers to establish a contested fact." Tennison, 13 F.4th at 1058. Evidence's probative value is high where there is a lack of other evidence of a contested fact. See Tan, 254 F.3d at 1210 ("If malice could be inferred from evidence other than prior drunk driving convictions, then the probative value of those prior convictions was greatly reduced. . . . [Here the] probative value is high due to the lack of other evidence of malice."). The United States "lacks any direct evidence of [Mr.] Austin's mental state," ECF No. 86 at 2, and there is no indication intent can be inferred from other evidence; this gives the extrinsic evidence high probative value in terms of making the existence of the requisite intent more probable than it is without this evidence.

As to minimum reasonable prejudicial value, the extrinsic acts could influence a jury to think Mr. Austin is an unsafe driver. But their capacity for being unduly prejudicial is limited. The extrinsic acts all involve non-fatal driving incidents, which are significantly less serious than the fatal collision at issue. See ECF No. 75 at 8. It is unlikely jurors would have such a strong

or emotional reaction to them as to warrant their exclusion.[5]  See United States v. Campbell, No. 15-CR-3947, 2016 WL 10588133, at *4 (D.N.M. Mar. 22, 2016) (excluding, in gun possession case, an extrinsic attempted murder via shooting which was offered to show absence of mistake, as "the jury is likely to care more about convicting a person who shot someone in the back then about possession of a revolver."); cf. United States v. Cellicion, 848 F. App'x 362, 365–67 (10th Cir. 2021) (unpublished) (affirming admission, in kidnapping and carjacking case, of extrinsic acts comprised of defendant's participation in deaths of two men, to show intent and absence of mistake).  Even if there is a risk of prejudice to Mr. Austin from the external acts' introduction, the danger of unfair prejudice does not substantially outweigh the acts' probative value. The third factor, the Rule 403 determination, is satisfied.

     Mr. Austin's motion in limine to exclude the evidence of his four past driving incidents is consequently denied.  But to the extent he is concerned about prejudice, jury instructions can mitigate this problem.  See Armajo, 38 F.4th at 86; Davis, 636 F.3d at 1298–1300; Tennison, 13 F.4th at 1056 (affirming extrinsic arrest's admission where instruction "emphasize[d] to the jury that it 'may consider [the arrest] evidence only as it bears on the defendant's intent, and for no other purpose.'").  The court will, upon request, instruct the jury that the extrinsic acts evidence is to be considered only as to the limited and proper purpose for which it was admitted and not as probative of bad character or propensity to commit the charged crime.  See Smalls, 752 F.3d at 1237; Fed. R. Evid. 105; Mares, 441 F.3d at 1157.

---

[5] As noted above, the government says, "some of the defendant's recent reckless driving incidents resulted in injuries to third parties, [though] none of them involve a fatality." ECF No. 75 at 8.  Mr. Austin does not address these injuries.  See ECF No. 86.  On this thin evidence, the court cannot conclude injuries that may have occurred as part of the incidents at issue would cause jurors to have a sufficiently strong reaction as to warrant these incidents' exclusion.

## II. Mr. Austin's Motion in Limine to Exclude Evidence of his Prior Drug Conviction is Granted.

The government seeks to cross-examine Mr. Austin under Fed. R. Evid. 609 about his previous conviction for Conspiracy to Distribute Methamphetamine and Conspiracy to Launder Money, should he take the stand at trial.[6] ECF No. 81. Mr. Austin moves the court for a ruling that the United States may not cross-examine him about this prior conviction. The court finds the probative value of the conviction does not outweigh its prejudicial effect to Mr. Austin, and should he elect to testify at trial, it will not allow questions about this conviction under Rule 609.

The Tenth Circuit "has long permitted the government to impeach the testimony of a criminal defendant who takes the witness stand in the same manner as any other witness, including reference to prior convictions." United States v. Haslip, 160 F.3d 649, 654 (10th Cir. 1998). "When the defendant is a witness in his own trial, the prosecution may introduce evidence of the defendant's past felony conviction to attack his character for truthfulness 'if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused.'" Smalls, 752 F.3d at 1240 (quoting Fed. R. Evid. 609(a)(1)).

Mr. Austin's "conviction falls within the past ten years, and therefore is admissible if its probative value outweighs its prejudicial effect." See United States v. Hayes, No. 2:16-CR-261, 2016 WL 7046750, at *1 (D. Utah Dec. 2, 2016). Mr. Austin was previously convicted of methamphetamine distribution while the current charge is (non-drug related) involuntary manslaughter; his prior conviction is not so like the charged offense that a jury might be confused or misled by his crimes' similarity. See United States v. Reynoso, 398 F. Supp. 3d

---

[6] Case No. 2:19-cr-93. The United States is not seeking to cross-examine Mr. Austin under Rule 609 regarding his convictions for (1) Illegal Possession/Use of Controlled Substance, or (2) Possession of a Firearm by a Restricted Person. See ECF No. 81 at 2–3.

1115, 1125 (D.N.M. 2019), aff'd, 861 F. App'x 204 (10th Cir. 2021); United States v. Chaco, 801 F. Supp. 2d 1217, 1228 (D.N.M. 2011) ("The caselaw suggests that past felonies are most prejudicial in cases where the felonies are most similar to the crimes charged.").

But the fact that Mr. Austin was involved in methamphetamine trafficking is not particularly relevant to his character for truthfulness as a witness. Further weighing against admission is the fact that a methamphetamine-related conviction is highly damaging and likely to be very prejudicial. See United States v. Ahaisse, No. 20-CR-0106, 2021 WL 2290574, at *3 (N.D. Okla. June 4, 2021) (citing United States v. Cueto, 506 F. Supp. 9, 14 (W.D. Okla. 1979)) ("If the prior conviction is incredibly damaging or prejudicial, that counsels against admitting the prior conviction."). Moreover, allowing Mr. Austin to be impeached by this prior conviction will chill his testimony, which is likely to be important as to his mental state, which is—as discussed above—at issue. Finally, while Mr. Austin's testimony will likely be important, he plans to use expert testimony in support of his defense. See ECF No. 86 at 4. This case is accordingly unlikely to be a "swearing contest between witnesses" where the centrality of a defendant's credibility and the probative value of his past conviction is heightened. See United States v. Caldwell, 760 F.3d 267, 288 (3d Cir. 2014) (citing 28 Charles Alan Wright & Victor James Gold, Fed. Prac. & Proc. § 6134, at 256 (2d ed. 2012)). The probative value of this evidence does not outweigh its prejudicial effect to Mr. Austin  His motion to exclude it is granted.

However, the court is mindful that in most cases, the admissibility of 609(a)(1) evidence cannot be finally decided pretrial, as it "requires a district court to balance the prejudicial effect and probative value of the disputed evidence, a task that can only be performed by reference to the other contextual evidence presented at trial." Commanche, 577 F.3d at 1270. Trial courts can, as here, decide on the admission of prior felony convictions in pretrial orders. See, e.g.,

Smalls, 752 F.3d at 1239–40 (affirming district court's decision, made in pre-trial order, on admissibility of defendant's felony convictions); United States v. Barnes, No. CR 20-1486, 2021 WL 5051367, at *3 (D.N.M. Oct. 30, 2021) (deciding Rule 609(a)(1) admissibility of prior felonies pretrial, but observing that the court's "analysis under Rule 609(a)(1) remains subject to the way evidence unfolds at trial."). But due to the importance of evaluating Rule 601(a)(1) evidence in the context of the evidence presented at trial, the court notes that its analysis remains subject to how evidence unfolds at trial. Mr. Austin could, for example, open the door to admission of his prior drug conviction; if the United States wants to argue this has happened, it must seek reconsideration of this ruling outside the jury's presence prior to asking questions about Mr. Austin's past convictions. See Barnes, 2021 WL 5051367, at *3; United States v. Rameriz, No. 09-CR-784, 2010 WL 4719374, at *1 (D. Utah Nov. 12, 2010) (deciding limits on use of defendant's prior convictions pretrial and observing counsel desiring to change that scope based on in-trial developments must seek a ruling on the issue outside the hearing of the jury).

### III. Order

Based on the above, the court **ORDERS** that Mr. Austin's Motion in Limine to Exclude Propensity Evidence 404(b), ECF No. 86, is DENIED. His Motion in Limine to Exclude Evidence of Prior Drug Conviction Rule 609(a)(1)(B), ECF No. 87, is granted.

DATED this 14th day of November, 2022.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
United States District Judge